**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Case No.: 2:11-cv-01069-GMN-GWF |
| Plaintiff, | ORDER |
| vs. | |
| CIS COMMODITIES, LLC, ALLEN NICHOLAS WARD, TRANS GLOBAL INVESTMENTS, LLC, and CHARLES LEROY TIMBERLAKE, | |
| Defendants. | |

On June 29, 2011 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act ("Complaint") against Defendants CIS Commodities LLC ("CIS"), Allen Nicholas Ward ("Ward"), Trans Global Investments, LLC ("Trans Global") and Charles Leroy Timberlake ("Timberlake") (collectively "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010) to be codified at 7 U.S.C. §§ 1 et seq., and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 et seq. (2011). Specifically, the CFTC's Complaint alleged that Defendants have engaged, are engaging, or

are about to engage in conduct in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C); that Defendants Trans Global Timberlake and Ward have engaged, are engaging, or are about to engage in conduct in violation of Section 4o(1)(A), (B) of the Act, 7 U.S.C. § 6o(1)(A), (B); and that Defendants CIS and Ward have engaged, are engaging, or are about to engage in conduct in violation of Regulation 1.57(c), 17 C.F.R. § 1.57(c) (2011). The Complaint further alleged that Ward is liable for CIS's violations, and that Ward and Timberlake are liable for Trans Global's violations as controlling persons, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), and that CIS is principally liable for the acts constituting Ward's violations, and that Trans Global is principally liable for the acts constituting Timberlake and Ward's violations, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2011).

   On June 30, 2011, this Court entered an Order for a Statutory Restraining Order prohibiting the withdrawal, transfer, removal, dissipation, concealment, or disposition of Defendants' assets, prohibiting the destruction of or prevention of CFTC access to Defendants' books and records, and providing for other relief.

   This matter is now before this Court on Plaintiff's Motion for an Order of Preliminary Injunction ("Motion") seeking an order enjoining Defendants CIS and Ward from committing further violations of the Act, as amended, to be codified at 7 U.S.C. §§ 1 et seq., and Commission Regulations, as well as freezing assets, requiring an accounting, preventing the destruction and allowing Commission inspection of books and records, appointing a receiver, and granting other equitable relief.

   This Court having considered the CFTC's Complaint, Motion, and Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for a Statutory Restraining Order and Motion for Order of Preliminary Injunction ("Memorandum") and Appendix to Plaintiff's Memorandum ("Appendix"); being fully advised in the premises; and Defendants

having had actual notice of the Motion,

**THIS COURT HEREBY FINDS:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendants transacted business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

3. It appears to the satisfaction of the Court that there is good cause to believe that Defendants have engaged, are engaging, or are about to engage in conduct in violation of the Act as amended and the Commission Regulations. Specifically, there is good cause to believe that Defendants have engaged, are engaging, or are about to engage in conduct in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C); that Defendant Ward has engaged, is engaging, or is about to engage in conduct in violation of Section 4o(1)(A), (B) of the Act, 7 U.S.C. § 6o(1)(A), (B); that Defendants CIS and Ward have engaged, are engaging, or are about to engage in conduct in violation of Regulation 1.57(c), 17 C.F.R. § 1.57(c) (2011); that Ward is liable for CIS's violations, and that CIS is principally liable for the acts constituting Ward's violations, pursuant to Section 2(a)(1)(B) of the Act,7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2011).

4. It appears to the satisfaction of the Court that there is good cause to believe Defendants' violations of the Act and Regulations are likely to continue unless they are restrained and enjoined from committing further violations.

5. It appears to the satisfaction of the Court that there is good cause to believe that CIS customers and participants in the commodity pool commonly known as the "Trans Global pool" may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary redress due to the dissipation of customer assets and destruction of books and records unless Defendants are immediately restrained and enjoined by order of the Court.

6. Consequently, the Court is satisfied that this is a proper case in which to grant a preliminary injunction to preserve the status quo, protect public customers from loss and damage, and enable the CFTC to fulfill its statutory duties.

## I.

## **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

7. The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

8. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9. "Defendants" means CIS Commodities LLC ("CIS"), and Allen Nicholas Ward ("Ward"), as well as any persons insofar as they are acting in the capacity of Defendants'

agents, servants, successors, employees, assigns and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## II.

## PRELIMINARY INJUNCTIVE RELIEF GRANTED

### A.   FURTHER VIOLATIONS OF THE ACT PRELIMINARILY ENJOINED

1.   Defendants CIS and Ward are preliminarily restrained, enjoined, and prohibited from directly or indirectly violating Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), and Regulation 1.57 (c), 17 C.F.R. § 1.57(c)(2011);

2.   Defendant Ward is also preliminarily restrained, enjoined, and prohibited from directly or indirectly violating Section 4o(1) (A), (B) of the Act, 7 U.S.C. § 6o(1) (A) and (B).

### B.   ASSET FREEZE

**IT IS ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are enjoined and prohibited from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including, but not limited to, all funds, personal property, money, or securities held in safes or safety deposit boxes and all funds on deposit in any financial or brokerage institution, futures commission merchant, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Defendants at any time since May 2007. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

/ / /

### C. PROHIBITION ON DESTRUCTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are restrained from directly or indirectly destroying, mutilating, concealing, altering, or disposing of any documents that related to the business practices or business or personal finances of the Defendants.

### D. CFTC ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that Defendants, all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are enjoined and prohibited from directly or indirectly refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of Defendants, wherever located, including, but not limited to, all such records concerning Defendants' business operations and Defendants' business or personal finances.

## III.

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, or has

held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, at any time since May 2007, and who receives notice of this Order by personal service or otherwise, including facsimile, electronic mail, Federal Express and United Parcel Service, shall:

    A.    Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

    B.    Deny Defendants and all other person(s) access to any safe deposit box that is: (a) titled in the name of Defendants, either individually or jointly; or (b) otherwise subject to access by the Defendants;

    C.    Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or is otherwise subject to access by the Defendants; and

    D.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV.

## BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a 1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## V.

## SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, UPS or other commercial overnight service, email, facsimile or pursuant to Fed. R. Civ. P. 5 and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, futures commission merchant, bank, savings and loan institution, other financial institution, or any other person or entity that holds any accounts, funds, assets, or other property of Defendants or that may have possession, custody, or control of any documents of Defendants, or that may be subject to any provision of this Order. Elizabeth N. Pendleton, William P. Janulis, Rosemary Hollinger and M. Kenneth Hampton, all representatives of the Commission, are hereby specially appointed to serve process and/or effectuate service of process, including of this Order and all other papers in this action.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including the Complaint, Summons, and all other papers in this case, as well as assist the Commission with taking control and custody of the assets, books and records, and business premises of Defendants.

## VI.

## SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings,

correspondence, notices required by this Order, and other materials on the Plaintiff by delivering a copy to Elizabeth N. Pendleton, Senior Trial Attorney, or William P. Janulis, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, Illinois 60661.

## VII.

## **FORCE AND EFFECT**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court upon application, notice, and an opportunity to be heard, and that this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

DATED this 16th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge