**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CIS COMMODITIES LLC, ALLEN NICHOLAS WARD, TRANS GLOBAL INVESTMENTS, LLC and CHARLES LEROY TIMBERLAKE,**<br><br>**Defendants.** | **Civil Action No: 11-cv-1069**<br><br>**Hon. Gloria M. Navarro**<br><br>**Mag. Judge George Foley, Jr.** |

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS TRANS GLOBAL INVESTMENTS, LLC AND CHARLES LEROY TIMBERLAKE**

On June 29, 2011 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act ("Complaint") against defendants CIS Commodities LLC ("CIS"), Allen Nicholas Ward ("Ward"), Trans Global Investments, LLC ("Trans Global") and Charles Leroy Timberlake ("Timberlake") (collectively "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010) to be codified at

7 U.S.C. §§ 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. (2011). Specifically, the CFTC's Complaint alleged that Defendants have engaged, are engaging, or are about to engage in conduct in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C); that defendants Trans Global, Timberlake and Ward have engaged, are engaging, or are about to engage in conduct in violation of Section 4*o*(1)(A), (B) of the Act, 7 U.S.C. § 6*o*(1)(A), (B); and that defendants CIS and Ward have engaged, are engaging, or are about to engage in conduct in violation of Regulation 1.57(c), 17 C.F.R. § 1.57(c) (2011). The Complaint further alleged that Ward is liable for CIS's violations, and that Ward and Timberlake are liable for Trans Global's violations as controlling persons, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), and that CIS is principally liable for the acts constituting Ward's violations, and that Trans Global is principally liable for the acts constituting Timberlake and Ward's violations, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2011).

On June 30, 2011, this Court entered an Order for a Statutory Restraining Order prohibiting the withdrawal, transfer, removal, dissipation, concealment, or disposition of Defendants' assets, prohibiting the destruction of or prevention of CFTC access to Defendants' books and records, and providing for other relief.

Defendants Trans Global and Timberlake, without admitting or denying the allegations of the CFTC's Complaint for the purposes of this Consent Order for Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent is entered voluntarily and that no promise or

threat has been made by the CFTC or any member, officer, agent or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendants transacted business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

3. Timberlake acknowledges receipt of the Complaint and waives formal service of summons. Trans Global acknowledges that it received formal service of summons and the Complaint on June 30, 2011.

4. Defendants Trans Global and Timberlake waive the entry of findings of fact and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks,

notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Defendants" means CIS Commodities LLC ("CIS"), Allen Nicholas Ward ("Ward"), Trans Global Investments, LLC ("Trans Global") and Charles Leroy Timberlake ("Timberlake"), as well as any persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## II. PRELIMINARY INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

Defendants Trans Global and Timberlake are preliminarily restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud to any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(1)(A), (C) of the Act, 7 U.S.C. § 6b(a)(1)(A), (C);

B. Making or causing to be made any false report or statement in violation of Section 4b(a)(1)(B) of the Act, 7 U.S.C. § 6b(a)(1)( B); and

C. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1)(A), (B) of the Act, 7 U.S.C. § 6*o*(1)(A), (B).

**IT IS FURTHER ORDERED THAT:**

Defendants Trans Global and Timberlake are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for any personal account or for any account in which they have a direct or indirect interest;

C. Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011);and

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent or any other officer or employee of any person registered,

exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

**IT IS FURTHER ORDERED THAT:**

Defendants Trans Global and Timberlake, and all persons insofar as they are acting in the capacity of Trans Global and/or Timberlake's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are further restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly dissipating, withdrawing, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, converting, removing, transferring, concealing or otherwise disposing of any funds, assets, cash, cashier's checks, or other property, wherever situated, of, or within the custody, control or actual or constructive possession of Trans Global and/or Timberlake, including, but not limited to, all funds, personal property, money or securities held in Trans Global and/or Timberlake's name, jointly or individually, whether held or maintained in safety deposit boxes, and including all funds or securities on deposit with any firm, bank or savings and loan, financial or brokerage institution, futures commission merchant, corporation, partnership, association, held by, under the actual or constructive control of, or in the name of Trans Global and/or Timberlake, jointly or individually, or any other entity owned or controlled by Trans Global and/or Timberlake. The assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order. However, the assets affected by this paragraph do not include assets in the possession of Trans Global and Timberlake's attorney Kevin P. Conway

as of August 18, 2011 that were provided to Mr. Conway as a retainer for providing legal services prior to the entry of the Statutory Restraining Order (the "Attorney Assets").

However, notwithstanding the above, the parties stipulate and the Court Orders that Timberlake shall be allowed to withdrawal up to $7,500 per month from account number xxxxxxxxx0431, held in the name of Charles L. Timberlake at Bank of America to pay for living expenses. All such withdrawals may only be from earnings or other income accruing since June 30, 2011 and no withdrawal shall derive from any funds obtained through commodity or forex trading related activity.

Until further order of this Court, any firm, bank, savings and loan, financial or brokerage institution, futures commission merchant, corporation, partnership, association or other person or entity which holds, controls, or maintains custody of any such funds, securities, assets or other property of any kind held in any Defendants' name, either individually or jointly, and who receives notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile shall:

A. Prohibit defendants Trans Global and Timberlake and any other person from directly or indirectly withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such funds, securities or assets or other property except as directed by further order of the Court;

B. Deny defendants Trans Global and Timberlake and any other person access to any safe deposit box that is titled in the name of Trans Global and/or Timberlake, either individually or jointly; or otherwise subject to access by the Trans Global and/or Timberlake; and

C. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Trans Global and/or Timberlake's accounts and businesses.

The injunctive provisions of this Order shall be binding on defendants Trans Global and Timberlake, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the defendants, and upon any person who receives actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, insofar as he or she is acting in active concert or participation with defendants .

**IT IS FURTHER ORDERED THAT:**

Defendants Trans Global and Timberlake, and their agents, servants, employees, successors, assigns, attorneys, and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Trans Global and/or Timberlake, wherever located, including all such records concerning the their business operations.

**IT IS FURTHER ORDERED THAT:**

Defendants Trans Global and Timberlake shall permit representatives of the Plaintiff CFTC to immediately inspect the books, records and other electronically stored data, tape recordings, and other documents of Trans Global and/or Timberlake and their agents, including all such records of defendants' business operations, wherever they are situated and whether they are in the possession of Trans Global, Timberlake, or others, and to copy said documents, data,

and records either on or off the premises where they may be situated and whether they are in the possession of the defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

Defendants Trans Global, Timberlake and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly refusing to make available for inspection by the CFTC, when as requested, any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Trans Global and/or Timberlake wherever located, including, but not limited to, all such records of defendants' business operations.

## III. DIRECTIVES TO FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, savings and loan, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of defendants Trans Global and/or Timberlake, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Trans Global and/or Timberlake at any time since March 1, 2007, shall, if it has not already done so:

A. Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of Trans Global and/or Timberlake, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the defendants; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order

to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Trans Global and/or Timberlake or is otherwise subject to access by Trans Global and/or Timberlake; and

B. Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instructions or slips, currency transactions reports, 1099 forms, and safe deposit box logs.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a 1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## V. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court defendants Trans Global and Timberlake and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of Trans Global and/or Timberlake, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Trans Global and/or Timberlake or any property claimed by Trans Global and/or Timberlake, or attempting to foreclose, forfeit, alter or terminate any of Trans Global and/or Timberlake's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or

enforcing a lien upon any property, wherever located, owned by or in the possession of Trans Global and/or Timberlake; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of Trans Global and/or Timberlake. This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VI. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Trans Global and/or Timberlake or that may be subject to any provision of this Order. Elizabeth N. Pendleton, William Janulis, and Ken Hampton, all employees of the Plaintiff CFTC, are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Trans Global and/or Timberlake shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to Elizabeth N. Pendleton, Senior Trial Attorney or William P. Janulis, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VIII. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect during the pendency of this case, or until further order of this Court, upon application,

notice and an opportunity to be heard, and that this Court retains jurisdiction over this action to ensure compliance with this Order and for all purposes related to this action.

## IX. STATUTORY RESTRAINING ORDER SUPERSEDED

**IT IS FURTHER ORDERED** that, as to Trans Global and Timberlake, this Preliminary Injunction supersedes the Statutory Restraining Order entered by the Court on June 30, 2011.

**IT IS SO ORDERED** this 22nd day of August, 2011.

________________________________
Gloria M. Navarro
United States District Judge

**CONSENTED TO AND APPROVED BY:**

Charles Leroy Timberlake and
Trans Global Investments LLC

/s/ Kevin P. Conway
Attorney for Defendants
1700 Broadway
31st Floor
New York, NY 10019
(312) 938-1080
kpc@conway-conway.com

Dated: August 18, 2011

U.S. Commodity Futures Trading
Commission

/s/ Elizabeth N. Pendleton
Attorney for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0629
(312) 596-0714 (fax)
ependleton@cftc.gov

Dated: August 18, 2011