Elizabeth N. Pendleton
Commodity Futures Trading Commission
Illinois Bar No. 6282050
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Phone: (312) 596-0629
Facsimile: (312) 596-0714
Email: ependleton@cftc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CIS COMMODITIES LLC, ALLEN NICHOLAS WARD, TRANS GLOBAL INVESTMENTS, LLC and CHARLES LEROY TIMBERLAKE,<br><br>Defendants. | Civil Action No: 11-cv-1069<br><br>Hon. Gloria M. Navarro<br><br>Mag. Judge George Foley, Jr. |

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS TRANS GLOBAL INVESTMENTS, LLC AND CHARLES LEROY TIMBERLAKE**

### I.   INTRODUCTION

On June 29, 2011, plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act ("Complaint") against defendants CIS Commodities LLC ("CIS"), Allen Nicholas Ward ("Ward"),[1] Trans Global Investments, LLC

---

[1] Ward and defaulting defendant CIS are not parties to this Consent Order. Accordingly, the parties' agreements and the Court's findings and conclusions set forth herein omit any discussion of their conduct.

("Trans Global") and Charles Leroy Timberlake ("Timberlake") (collectively "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), 7 U.S.C. §§ 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012). The Court entered a statutory restraining order against Defendants on June 30, 2011 and a Consent Order of Preliminary Injunction and Other Ancillary Relief against defendants Timberlake and Trans Global on August 22, 2011.

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against defendants Timberlake and Trans Global without a trial on the merits or any further judicial proceedings, Timberlake and Trans Global:

1. Consent to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendants Timberlake and Trans Global ("Consent Order");

2. Affirm that they have read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

5. Admit the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e);

7. Waive:

(a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

(b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) any and all rights of appeal from this action;

8. Consent to the continued jurisdiction of this Court over them for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if defendants Timberlake and Trans Global now or in the future reside outside the jurisdiction of this Court;

3

9. Agree that they will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objection based thereon;

10. Agree that neither Trans Global and Timberlake, nor any agents or employees under their authority or control, shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Trans Global and Timberlake shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, Timberlake and Trans Global neither admit nor deny the allegations of the Complaint and Conclusions of Law in this Consent Order, except as to jurisdiction and venue, which they admit. Nevertheless, Timberlake and Trans Global agree and intend that the allegations contained in the Complaint and all of the Conclusions of Law contained in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against them; (b) any proceeding pursuant to Section 8a of the Act, as amended, 7 U.S.C. § 12a, and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2012); and/or (c) any proceeding to enforce the terms of this Consent Order;

12. Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 40 of Part IV of this Consent Order, of any

bankruptcy proceeding filed by, on behalf of, or against Timberlake and/or Trans Global, whether inside or outside the United States; and

13. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against them in any other proceeding.

### III. CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, as set forth herein.

**THE COURT HEREBY FINDS:**

#### 1. Jurisdiction and Venue

14. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

15. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because defendants Timberlake and Trans Global transacted business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

### 2. Violations of Section 4b(a)(2)(i), (iii) of the Act and Section 4b(a)(1)(A), (C) of the Act, as amended: Fraud by Misrepresentation

16. Defendants Timberlake and Trans Global (through Timberlake), in connection with an order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person has cheated, defrauded or deceived, and/or attempted to cheat, defraud or deceive, pool participants and prospective participants by, among other things willfully or recklessly making false representations of material fact, including that: (a) Timberlake and/or Trans Global was registered with the Commission; and (b) pool funds would be held and traded from a segregated account at a registered FCM, in violation of Section 4b(a)(2)(i), (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i), (iii) (2006), with respect to acts before June 18, 2008, and Section 4b(a)(1)(A), (C) of the Act, as amended, 7 U.S.C. § 6b(a)(1)(A), (C), with respect to acts on or after June 18, 2008.

17. Timberlake engaged in the acts and practices described above knowingly or with reckless disregard for the truth.

18. The foregoing acts, omissions and failures of Timberlake were committed within the scope of his employment or association with Trans Global. Therefore, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), and Commission Regulation 1.2, 17 C.F.R. § 1.2 (2012), Trans Global is liable for his acts, omissions and failures in violation of Section 4b(a)(2)(i), (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i), (iii) (2006) and Section 4b(a)(1)(A), (C) of the Act, as amended, 7 U.S.C. § 6b(a)(1)(A), (C).

### 3. Violations of Section 4b(a)(2)(ii) of the Act and Section 4b(a)(1)(B) of the Act, as amended: Fraud by False Statements

19. Defendants Timberlake and Trans Global (through Timberlake), in connection with an order to make, or the making of, any contract of sale of any commodity in interstate

commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person has willfully made or caused to be made to other persons false reports or statements in violation of Section 4b(a)(2)(ii), 7 U.S.C. § 6b(a)(2)(ii) (2006), with respect to acts before June 18, 2008, and Section 4b(a)(1)(B) of the Act, as amended, 7 U.S.C. § 6b(a)(1)(B) with respect to acts on or after June 18, 2008.

20. Timberlake engaged in the acts and practices described above knowingly or with reckless disregard for the truth.

21. The foregoing acts, omissions and failures of Timberlake were committed within the scope of his employment or association with Trans Global. Therefore, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), and Commission Regulation 1.2, 17 C.F.R. §1.2 (2012), Trans Global is liable for his acts, omissions and failures in violation of Section 4b(a)(2)(i), (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i), (iii) (2006) and Section 4b(a)(1)(A), (C) of the Act, as amended, 7 U.S.C. § 6b(a)(1)(A), (C).

4. **Violations of Section 4o(1)(A), (B) of the Act: Fraud by a CPO, Trans Global, and AP of a CPO, Timberlake**

22. Trans Global acted as a CPO by engaging in a business that is the nature of an investment trust, syndicate or similar form of enterprise and by soliciting, accepting and receiving from others funds, securities and/or property for the purpose of trading commodities. Timberlake acted behalf of and as an Associated Person of Trans Global.

23. Defendants Timberlake and Trans Global (through Timberlake), by use of the mails or means or instrumentality of interstate commerce, employed a device, scheme, or artifice to defraud pool participants and prospective participants, or engaged in a transaction, practice, or course of business which operates as a fraud of deceit upon pool participants or prospective participants, by, among other things: (a) knowingly or recklessly making false representations of

material fact to pool participants, including that: (i) Timberlake and/or Trans Global was registered with the Commission; and (ii) participant funds would be held and traded from a segregated account with a registered FCM; and (b) causing false written periodic statements to be made to pool participants concerning the profitability and value of their shares of the Trans Global pool, in violation of Section 4o(1) (A), (B) of the Act, 7 U.S.C. § 6o(1) (A), (B) (2006).

24. Timberlake engaged in the acts and practices described above knowingly or with reckless disregard for the truth.

25. The foregoing acts, omissions and failures of Timberlake were committed within the scope of his employment or association with Trans Global. Therefore, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), and Commission Regulation 1.2, 17 C.F.R. § 1.2 (2012), Trans Global is liable for his acts, omissions and failures in violation of Section 4o(1) (A), (B) of the Act, 7 U.S.C. § 6o(1) (A), (B) (2006).

26. Unless restrained and enjoined by this Court, there is a reasonable likelihood that the defendants will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act.

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

27. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, defendants Timberlake and Trans Global are permanently restrained, enjoined and prohibited from directly or indirectly engaging in conduct in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended, 7 U.S.C. § 6b(a)(1)(A)-(C), and Section 4o(1) (A), (B) of the Act, 7 U.S.C. § 6o(1) (A), (B);

28. Defendants Timberlake and Trans Global are also permanently restrained, enjoined and prohibited from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a) for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3 (hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, as amended, and as further defined by Commission regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx)), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

c. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts

d. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

e. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and/or

f. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a) registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

## V. RESTITUTION AND CIVIL MONETARY PENALTY

### A. Restitution

29. Defendants Timberlake and Trans Global shall jointly and severally pay restitution in the amount of two hundred thousand dollars ($200,000), plus post-judgment interest, within thirty (30) days of the date of the entry of this Consent Order (the "Restitution Obligation").

Post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

30. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Trans Global pool participants, defendants Timberlake and Trans Global shall make Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, as follows:

   a. in the amount of one hundred thousand dollars ($100,000), plus post-judgment interest, to Janina Paschke Clark;

   b. in the amount of fifty thousand dollars ($50,000), plus post-judgment interest, to Randolph John Michaels;

   c. the amount of forty thousand dollars ($40,000), plus post-judgment interest, to the Estate of Timothy Larson;

   d. in the amount of ten thousand dollars ($10,000), plus post-judgment interest, to Timothy A. and Sharifah Z. Shank.

31. Defendants shall make payment under cover letter that identifies the paying defendant and the name and docket number of this proceeding. Timberlake and Trans Global shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and (b) the Regional Counsel, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, IL 60661.

32. Defendants shall execute any documents necessary to release funds that they in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

33. The amounts payable to each participant shall not limit the ability of any participant from proving that a greater amount is owed from Timberlake or Trans Global, or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any participant that exist under state or common law.

34. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each participant who suffered a loss is explicitly made an intended third-party beneficiary of this Consent Order and may seek to enforce obedience of this Consent Order to obtain satisfaction of any portion of the restitution that has not been paid by defendant to ensure continued compliance with any provision of this Consent Order and to hold defendant in contempt for any violations of any provision of this Consent Order.

35. To the extent that any funds accrue to the U.S. Treasury for satisfaction of defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B.  Civil Monetary Penalties**

36. Defendants Timberlake and Trans Global shall jointly and severally pay a civil monetary penalty in the amount of one hundred and forty thousand dollars ($140,000) plus post-judgment interest, within thirty (30) days of the date of the entry of this Consent Order (the "CMP Obligation"). Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2006).

37. Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables – AMZ 340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Timberlake shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies Timberlake and Trans Global and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

### C. Provisions Related to Monetary Sanctions

38. **Partial Satisfaction:** Any acceptance by the Commission or the Monitor of partial payment of defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### D. Cooperation

39. Defendants shall cooperate fully and expeditiously with the Commission, including the CFTC's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action, including any current or future Commission investigation related thereto. Defendant Timberlake agrees to appear and testify at any trial in this matter, and to meet with the CFTC's

Division of Enforcement as needed to prepare for that testimony, or any other hearing in this matter.

## VI. MISCELLANEOUS PROVISIONS

40. Notice: All notices required to be given by an provisions in this Consent Order shall be sent certified mail, return receipt requested as follows:

Notice to Commission:

> Regional Counsel, Division of Enforcement
> U.S. Commodity Futures Trading Commission
> 525 West Monroe Street, Suite 1100
> Chicago, Illinois 60661

Notice to Defendants:

> Kevin P. Conway
> Conway & Conway
> 565 Fifth Avenue, 7th Floor
> New York, NY 10017

All such notices to the Commission shall reference the name and docket number of this action.

41. Change of Address/Phone: Until such time as Timberlake satisfies in full his Restitution Obligation, Disgorgement Obligation, and CMP Obligation as set forth in this Consent Order, Timberlake shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

42. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

43. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the

application of the provision to any other person or circumstance shall not be affected by the holding.

44. Waiver: The failure of any party to this Consent Order or of any participant at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or participant at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

45. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon defendants Timberlake and Trans Global, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with defendants.

46. Authority: Timberlake hereby warrants that he is the President and Investment Manager of Trans Global, this Consent Order has been duly authorized by Trans Global, and he has been duly empowered to sign and submit this Consent Order on behalf of Trans Global.

47. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

48. Defendants understand that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent Order.

**IT IS SO ORDERED** this 14th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge

**CONSENTED AND APPROVED BY**

Charles Leroy Timberlake and
Trans Global Investments LLC

_Charles Timberlake_
Charles Leroy Timberlake
President Trans Global Investments LLC
3613 Whitehaven Drive
Plano, TX 75093

Dated: 23 OCT 2012

U.S. Commodity Futures Trading
Commission

_Elizabeth N. Pendleton_
Elizabeth N. Pendleton
Senior Trial Attorney
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0629
ependleton@cftc.gov

Dated: 1/14/2013

**Approved as to Form:**

_____
Kevin P. Conway
Attorney for Defendants
565 Fifth Avenue, 7th Floor
New York, NY 10017
(312) 938-1080
kpc@conway-conway.com

Dated: 10/24/12