UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br> vs. <br><br> CIS COMMODITIES LLC, ALLEN NICHOLAS WARD, TRANS GLOBAL INVESTMENTS, LLC, and CHARLES LEROY TIMBERLAKE, <br><br> Defendants. | Case No.: 2:11-cv-1069-GMN-GWF <br><br> **ORDER** |

Pending before the Court are Plaintiff U.S. Commodity Futures Trading Commission's Motion to Set Briefing Schedule and Extend the Time for the Parties to File Joint Pretrial Order (the "Motion"), (ECF No. 83), and Defendant Nicholas Ward's Motion to Deny Plaintiff's Motion for Extension of Time, (ECF No. 84), and Motion to Dismiss, (ECF No. 88). For the reasons discussed below, Defendant's Motions are denied, and Plaintiff's Motion is granted.

**I.    BACKGROUND**

This is a commodities trading fraud case arising out of Defendants CIS Commodities LLC, Allen Nicholas Ward, Trans Global Investments, LLC, and Charles Leroy Timberlake's solicitation and misappropriation of investor funds. The underlying facts are set forth in the Court's prior Order. Pertinent to this Motion is that on May 8, 2013, the Court entered an Order granting in part the United States Commodity Futures Trading Commission's (the "Commission") Motion for Summary Judgment against Defendant Nicholas Ward ("Ward") and granting the Commission's Motion for Default Judgment against Defendant CIS Commodities LLC ("CIS") (the "Dispositive Motions"). (ECF No. 81.) In the Dispositive Motions, the Commission requested to file additional briefing as to the amount of civil

penalties as the calculation would depend on the Court's findings of fact and conclusions of law.  Additionally, the Court deferred its decision on the Commission's request for a permanent trading ban against Ward and CIS as the parameters of the requested ban were not adequately described.  Consequently, the Court's Order established liability of Ward and CIS, but did not establish the amount of civil penalties or the extent of equitable relief.

However, the Commission did not file supplemental briefing and the time set for filing the Joint Pretrial Order passed.  Magistrate Judge Foley then entered an Order that the parties file the Joint Pretrial Order by June 24, 2013. (ECF No. 82.)  Defendants filed this Motion, on June 21, 2013, requesting a clarification of the Court's Order on the Dispositive Motions, permission to file supplemental briefing relating to the amount of civil penalties and the trading ban, and an extension of time to file, if necessary, the Joint Pretrial Order until thirty days following the Court's determination on the civil penalties.  In response to the Motion, Ward filed a Motion to Deny the Motion, and one month later, a Motion to Dismiss the entire Complaint.

## II.   DISCUSSION

### A.   Defendant Ward's Motions

Initially, the Court addresses Ward's Motions.  The Court notes that Ward's Motion to Deny the Motion is effectively Ward's Response in Opposition to the Commission's Motion.  Bringing a separate motion to oppose one filed by an opposing party is neither necessary nor procedurally proper.  Consequently, the Court denies the motion for purpose of maintaining an orderly docket.  Nonetheless, the Court will consider the filing as Ward's Response and evaluate Ward's arguments presented therein in its analysis of the Commission's Motion.

Additionally, the Court finds Ward's Motion to Dismiss meritless. Ward argues that the Commission's Complaint should be dismissed because 1) the monetary penalties sought by the Commission are unjust as they exceed Ward's net worth, 2) the Commission has made no

attempt to settle with Ward while it has settled with other defendants, 3) the injunctions and bans sought by the Commission are typically sought in criminal actions, 4) various allegations of misconduct by the Commission in conducting their investigation, 5) the fact that a judgment against him would significantly impact future employment and financial prospects, and (6) Ward's actions did not violate the law and the Commission has not adequately proven its case against him.

These justifications, however, do not provide a legal basis for dismissal.  First, penalties and equitable injunctions are permitted even in civil cases, nonetheless, the Court will not grant penalties or injunctions that are not legally valid or warranted.  The Commission has yet to specify the exact penalties and parameters of a trading ban, but Ward will have opportunity to oppose the proposed civil penalties.   Second, the Commission has no obligation to settle with Ward, even if it decided to do so with other Defendants, and Defendant's vague allegations of the Commission's misconduct are insufficient for dismissal.  Finally, although the Court recognizes that an adverse judgment would have serious and detrimental consequences, Ward has had opportunity to present evidence to negate the claims against him, but has failed to do so. For these reasons, the Court denies Ward's Motion to Dismiss.

**B.     The Commission's Motion**

Turning to the Commission's Motion, the Commission requests the Court issue a briefing schedule for their supplemental briefing regarding civil penalties and a permanent trading ban and to extend the deadline for the filing of the Joint Pretrial Order.  Additionally, the Commission requests clarification of the Court's Order on the Dispositive Motions with respect to the Court's specific holding for each Count against Ward.  Ward objects to the Motion, arguing that any extension would only further delay resolution of this matter and that the Commission has already had given ample time to prepare its case against him.  Ward further asserts arguments similar to those detailed in his Motion to Dismiss.

The Court recognizes that Ward is anxious for resolution of this matter, but nonetheless finds that it is in the interest of judicial economy to allow supplemental briefing on civil penalties and to extend the time for filing any potential Joint Pretrial Order.  Because liability against Ward has already been established, allowing full resolution of the civil penalties and trading ban will serve to narrow the issues to be presented at trial, or perhaps obviate the need for trial altogether.  Such an approach will serve to expedite the proceedings.  Consequently, the Court grants the Commission's Motion.

### *1. Clarification of the Court's Prior Order*

Included in the Commission's Motion is a request for clarification, or alternatively, for correction under Fed. R. Civ. P. 60(b), of the Court's prior Order (ECF No. 81) so that the Commission may structure its request for civil penalties accordingly.  In its prior Order, the Court inadvertently wrote that the Commission sought summary judgment on *four* counts in its Complaint against Ward, when in fact it sought summary judgment of five counts.  Additionally, the Order responded to the Commission's arguments with the same organization existing in the Motion—with issues grouped by similar factual allegations rather than by the counts listed in the Complaint.   The Commission now complains that this approach has created some uncertainty as to which counts the grant of summary judgment applied.   The Court will accommodate this request for clarification, and, to the extent the Court's holdings or reasoning herein are not reflected in the prior Order, the prior Order is so amended.

#### i. Count I

Count I of the Complaint alleges that Ward violated 7 U.S.C. § 6b(a)(2)(A)[1] and (C), which make it unlawful for any person in connection with a commodities transaction "to cheat

---

[1] Although, the Complaint references violations under both a prior version and the current version of § 6b, for clarity and brevity, the Court will only refer to the current version.  In 2008, an amendment altered the numeration of the applicable subsections of § 6b, but the substance of those subsections was unaffected.

1  or defraud or attempt to cheat or defraud" or "willfully to deceive or attempt to deceive"
2  another person.  Count I alleges that Ward violated these provisions by "(a) knowingly or
3  recklessly making false representations of material fact to potential customers and customers,
4  including that: (i) customer funds deposited with CIS would be used to trade commodities, and
5  (ii) an experienced third-party trader would trade the funds; and (b) misappropriating customer
6  funds."

7  The Court found that, in soliciting funds from Gac and Clark, Ward represented that
8  funds would be used to trade commodities and that Ben Rubin, an experienced commodities
9  trader, would conduct the actual trades.  The Court further found that these representations
10 were false, material, and made with knowledge of their falsity.  Additionally, the Court found
11 that rather than investing funds, Ward misappropriated the funds he received from Gac and
12 Clark.  Consequently, the Court granted summary judgment against Ward on Count I.

13                    ii.    Count II

14 Count II of the Complaint alleges that Ward additionally violated 7 U.S.C. §
15 6b(a)(2)(B), which makes it unlawful to "willfully [ ] make or cause to be made to the other
16 person any false report or statement" in connection with a commodities transaction.  Count II
17 alleges that Ward "willfully caused false written statements to be made to at least one CIS
18 customer concerning the profitability and value of her investments."  The Court found that
19 Ward provided specific valuations of investments and returns to both Gac and Clark.  The
20 Court additionally found that those representations were false because the funds had been spent
21 on Ward's personal and business expenses.  Consequently, the Court granted summary
22 judgment against Ward on Count II.

23                    iii.   Count III

24 Count III alleges that Ward is also liable under 7 U.S.C. § 6b(a)(2)(A) and (C) for Trans
25 Global Investments, LLC's ("Trans Global") representations to the Trans Global Commodity

Pool (the "Pool") that "(a) Timberlake and/or Trans Global was registered with the Commission; and (b) pool funds would be held and traded from a segregated Peregrine account." Although the evidence shows that those representations were both false and made to the Pool, questions of material fact about the level of Ward's involvement in making those misrepresentations preclude summary judgment.

The statements about Timberlake's registration and segregation of pool funds were not made directly by Ward to the Pool, but rather contained in the Trans Global Agreement, a document delivered to each participant in the Pool. Moreover, the Pool was set up under Trans Global Investments, Inc., a company controlled by Timberlake. Further, the letter itself, although referencing Ward, is written with Timberlake as the sole speaker. (ECF No. 5-2. Ex. 16.) The Commission has presented evidence that Ward participated, to some extent, in the formation of the document, (ECF No. 5-6, Ex. F), but his level of involvement is unclear. Consequently, viewing the facts in the light most favorable to Ward, it is uncertain if Ward's actions were done with "knowledge of their nature and character" and not just with simple "negligence, mistake, or inadvertence." *See Wasnick v. Refco, Inc.*, 911 F.2d 345, 348 (9th Cir. 1990). Because questions of material fact remain with respect to Ward's scienter, a requisite element of a violation under Section 6b, the Court denied summary judgment on Count III.

        iv. Count IV

Count IV alleges that Ward is liable under 7 U.S.C. § 6b(a)(2)(B) for causing "false written statements to be made to pool participants concerning the profitability and value of their shares of the [Pool]." The Court found that there was insufficient evidence for a grant of summary judgment on this Count. The Commission's evidence establishes that Timberlake issued false reports of profits to the Pool participants. (*See* ECF No. 5-1, Ex. A.) However, the Commission has not shown that Ward was involved with or influenced the issuance of those reports.

The Commission *has* established that Ward issued false reports to one Pool participant, Janina Clark, who was also a customer of CIS. However, this false reporting is the substance which underlies Count II of the Commission's Complaint. To that extent, liability on Count IV for the same conduct and under the same law which serves as the premise for Count II would be duplicative. Moreover, the allegations contained in Count IV entail the issuance of false reports to the entire Pool, not just a single participant. Consequently, the Court denied Summary Judgment on Count IV.

      v. Count V

Count V alleges that Ward violated 7 U.S.C. § 6o(1) through the same conduct alleged in Counts III and IV. Section 6o prohibits a Commodity Pool Operator ("CPO"), or an Associated Person of a CPO ("AP"), from using the mails or any means of interstate commerce to deceive and defraud investors. 7 U.S.C. § 6o(1). A CPO is defined as any person "engaged in a business that is of the nature of a commodity pool . . . and who, in connection therewith, solicits . . . from others, funds . . . for the purpose of trading in commodity interests." 7 U.S.C. § 1a. An AP is any person who is a "partner, officer, employee, consultant, or agent (or any natural person occupying a similar status or performing similar functions, in any capacity which involves (i) the solicitation of funds . . ." 17 C.F.R. § 1.3(aa)(3). Section 6o(1) "applies to all CPOs whether registered, required to be registered, or exempted from registration." *CFTC v. Weinberg*, 287 F. Supp. 2d 1100, 1107-08 (C.D. Ca. 2003) (citation omitted).

Count V alleges the Ward, as an AP of Trans Global, a CPO, violated Section 6o through the same conduct alleged in Counts III and IV. The Commission has shown that Trans Global solicited funds from investors for the purpose of pooling those funds to invest in commodities. (*e.g.* ECF No. 30, ¶ 38). The Commission has further shown that Ward participated in the solicitation of funds for the Pool and conducted trading of Pool Funds. (ECF No. 5-6, Ex. F; No. 5-2, Exs. 16, 17.) Consequently, the Commission has shown that that Trans

Global was a CPO and Ward was an AP of it.

Moreover, the Commission has shown that Ward issued false statements to Janina Clark, a Pool participant, regarding the valuation of her account at Trans Global Investments, LLC.  In doing so, Ward used instruments of interstate commerce.  Consequently, Ward is liable as an AP of a CPO for the false statements he issued regarding the profitability of Clark's Trans Global investment.  Additionally, because scienter is not an element of Section 6o(1), *see Weinberg*, 287 F. Supp. 2d at 1108, Ward is further liable as an AP of a CPO for the false statements contained in the Trans Global Agreement made to Pool participants.  Accordingly, the Court granted Summary Judgment on Count V.[2]

Thus, the Court granted Summary Judgment against Ward on Counts I, II, and V, and denied Summary Judgment on Counts III, and IV.

### 2. *Briefing Schedule*

The Commission will have twenty-one days from the date of this Order to file a Motion for Entry of Judgment, outlining and providing detailed support for the amount of civil penalties it seeks against Ward and CIS, and the requested trading ban.  Defendants will then have twenty-one days from the date of the Commission's filing to file a Response.  Should trial still be required after the Court's determination of civil penalties, the Parties will have fourteen days from the date of that Order to file the Joint Pretrial Order.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Nicholas Ward's Motion to Deny the Commission's Motion (ECF No. 84), is **DENIED**.

---

[2] The Court's prior Order referenced the solicitation of funds from Gac in its analysis of Count V.  However, the evidence does not indicate that Gac's funds—or Clark's individual investment with CIS—were solicited for pooled investment.  Consequently, Ward's liability on Count V is does not extend to the false statements made to Gac or to Clark with respect to her individual investment with CIS.

**IT IS FURTHER ORDERED** that Defendant Nicholas Ward's Motion to Dismiss (ECF No. 88), is **DENIED**.

**IT IS FURTHER ORDERED** that that Plaintiff U.S. Commodity Futures Trading Commission's Motion to Set Briefing Schedule and Extend the Time for the Parties to File Joint Pretrial Order (ECF No. 83), is **GRANTED**. The Commission shall have **until December 27, 2013**, to file a Motion for Entry of Judgment, outlining and providing detailed support for the amount of civil penalties it seeks against Ward and CIS, and the requested trading ban. Defendants will then have **twenty-one days from the date of the Commission's filing** to file a Response.  Should trial still be required after the Court's determination of civil penalties, the Parties will have **fourteen days from the date of that Order** to file the Joint Pretrial Order.

DATED this 5th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge