Elizabeth N. Pendleton,
U.S. Commodity Futures Trading Commission
IL ARDC No. 6282050
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Phone: (312) 596-0629
Facsimile: (312) 596-0714
Email: *ependleton@cftc.gov*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CIS COMMODITIES LLC, ALLEN NICHOLAS WARD, TRANS GLOBAL INVESTMENTS, LLC and CHARLES LEROY TIMBERLAKE,**<br><br>**Defendants.** | **Case No: 2:11-cv-1069-GMN-GWF**<br><br>**Hon. Gloria M. Navarro**<br><br>**Mag. Judge George Foley, Jr.** |

**MOTION FOR LEAVE TO VOLUNTARY DISMISS COUNTS III AND IV WITHOUT PREJUDICE**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") respectfully requests, pursuant to Federal Rule of Civil Procedure 41(a)(2), that this Court: (1) grant the Commission leave to voluntarily dismiss without prejudice Counts III and IV, the sole remaining Counts, as to Allen Nicholas Ward (Ward"), the sole remaining Defendant in this matter; (2); strike all future dates, including the September 18, 2014 deadline to file the Proposed Joint Pretrial Order (Doc. No. 101); (3) enter any such relief as is necessary to effect final judgment; and (4) thereafter close this case. In support of this request, the Commission states as follows:

1.     On April 16, 2014, the Court entered an Order of Permanent Injunction, Restitution, Civil Monetary Penalty and Other Equitable Relief against Defendants CIS Commodities LLC and Allen Nicholas Ward as to Counts I, II, V, and VI of the Complaint (the "Order of Permanent Injunction") (Doc. No. 96).[1]  That Order resolved all issues of liability and damages as to Ward for the conduct charged in Counts I, II and V of the Complaint for Injunctive and Other Equitable Relief (the "Complaint"), and all issues as to CIS.

2.     The Commission also charged Ward with knowingly or recklessly making misrepresentations of material fact (Count III) and issuing false statements (Count IV) to Trans Global pool participants in violation of Section 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. § 6b(a)(2)(i)-(iii) (2006), and Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)(C) (Supp. V 2011). At the summary judgment stage, the Court found that Ward issued at least one false statement to a pool participant, but ultimately concluded that scienter could not be established as a matter of law.  *See* May 8, 2013 Order (Doc. No. 81), p. 17 ("Ward's liability for misrepresentations and misstatements for statements he made to the Trans Global pool remains to be determined."). Thus, the primary remaining issue for trial is the Commission's assertion that Ward committed the wrongful acts alleged in Counts III and IV knowingly or with reckless disregard for the truth such that the scienter element is established.  *See, e.g. CFTC v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 774 (9th Cir. 1995) (holding that scienter is established where defendant "intentionally violated the Act or acted with 'careless disregard' of whether his actions violated the Act") (citation omitted).

---

[1] The Commission had moved for summary judgment as to Ward, Trans Global Investments, LLC ("Trans Global") and Charles Leroy Timberlake ("Timberlake"), and for default judgment against CIS Commodities LLC ("CIS").  On January 14, 2013, the Court entered a Consent Order of Permanent Injunction resolving all claims as to defendants Trans Global and Timberlake (Doc. No. 77).

3.     The Commission has obtained the relief sought through Counts III and IV.  In particular, Ward has already been enjoyed from further violations of Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)(C) (2012) and permanently restrained from trading commodity futures on behalf of himself or others through the Court's Order of Permanent Injunction (Doc. No. 96 p. 12).  The Commission has also obtained full restitution for Trans Global pool participants.  Therefore, while Counts III and IV are substantially justified, the interests of judicial economy dictate that they be voluntarily dismissed without prejudice.

4.     Undersigned counsel notified Defendant Ward via email and voicemail of this Motion and requested that he stipulate to voluntary dismissal of the remaining Counts without prejudice, but did not receive any response.

WHEREFORE, for the reasons set forth above, the Commission respectfully requests that the Court grant its request for leave to voluntarily dismiss without prejudice Counts III and IV and dismiss those Counts; strike all remaining dates, including the September 18, 2014 deadline to file the Proposed Joint Pretrial Order (Doc. No. 101); and enter any such relief as is necessary to effect final judgment; and that this matter thereafter be closed.

    Respectfully Submitted,

    U.S. Commodity Futures Trading Commission

    s/ Elizabeth N. Pendleton
    One of the Attorneys for Plaintiff
    525 W. Monroe St., #1100
    Chicago, IL 60661
    (312) 596-0629
    (312) 596-0714 (fax)
    *ependleton@cftc.gov*

Dated: July 30, 2014

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney with the U.S. Commodity Futures Trading Commission, does hereby certify that on July 30, 2014, she caused a true and accurate copy of the foregoing:

**MOTION FOR LEAVE TO VOLUNTARY DISMISS COUNTS III AND IV WITHOUT PREJUDICE**

to be served on defendants CIS Commodities LLC and Allen Nicholas Ward the manner shown below:

**Via U.S. Mail and E-mail to:**
Allen Nicholas Ward
64 Riverdown Dr.
Aspen, CO 81611
*cis.info@yahoo.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Elizabeth N. Pendleton
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0629
(312) 596-0714 (fax)
*ependleton@cftc.gov*